UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE FRANKEL, *et al.*,

                                      Plaintiffs,        CIVIL CASE NO. 05-40249

v.

DETROIT MEDICAL CENTER, *et al.*,        HONORABLE PAUL V. GADOLA
                                                               U.S. DISTRICT JUDGE
                                      Defendants.
_____/

## **ORDER**

Now before the Court is the Report and Recommendation of Magistrate Judge Donald A. Scheer, Plaintiffs' objections to that Report and Recommendation, and Defendants' response. Magistrate Judge Scheer recommends that the Defendants' motion for summary judgment be granted as to all claims except those of Plaintiff Young against Defendant Detroit Healthcare Centers, Inc.

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), that states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with

instructions.

Fed. R. Civ. P. 72(b).

Here, because the parties have filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

In the present case, the Court has reviewed the Report and Recommendation, Plaintiffs' objections, Defendants' response, and conducted the necessary *de novo* review. After this review, the Court concludes that with respect to those claims other than Plaintiff Bina Young's claim under the Founding Father's Agreement, the Magistrate Judge has correctly recommended that summary judgment in favor of Defendants is warranted. Magistrate Judge Scheer's conclusions of fact and law are sound. Accordingly, summary judgment in favor of Defendants on all claims except for Ms. Young's claim under the Founding Fathers Agreement ("FFA") will be granted.

Turning to consider Plaintiff Young's remaining claim, the Magistrate Judge concluded that the obligations under the FFA were not subject to termination in the event that the Woodland Clinics were closed. However, the Magistrate also correctly determined that the 1986 stock purchase by DMC did not contemplate that the obligations of the Woodland Medical Group, P.C. under the FFA would be assumed as part of that transaction. This fact is made clear in the 1986 stock purchase agreement which unambiguously states that the benefits due to Mr. Young "shall be paid by the Company," Stock Purchase Agreement, ¶ 7.8(b), with the term "the Company" unambiguously referring to "Woodland Medical Group, P.C. *See id.*, at Recitals (stating "Woodland Medical Group, P.C., a Michigan professional service corporation ("the Company")"). However, although the liabilities were not assumed under the stock purchase agreement, there is a genuine issue of material fact as to whether any other entity assumed the liabilities. Therefore, Defendant's motion for summary judgment as to Plaintiff Bina Young's claim will be denied.

Accordingly, after a *de novo* those portions to which an objection has been made,

**IT IS HEREBY ORDERED** that, to the extent not inconsistent with this order, the Report and Recommendation of the Magistrate Judge [docket entry #52] is **ACCEPTED AND ADOPTED** as the order of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [docket entry #20] is **GRANTED** as to all claims except those of Plaintiff Bina Young under the Founding Fathers Agreement.

**SO ORDERED.**

Dated:   September 28, 2007                              s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   October 1, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
       Nabeel N. Hamameh; Andrew Kochanowski; Charles N. Raimi            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                     .

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845